**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| RICHARD L. CAIN, | ) | NO. CV 14-5735-DMG(E) |
| Plaintiff, | ) | |
| v. | ) | ORDER DISMISSING ACTION |
| BARACK H. OBAMA, et al., | ) | WITHOUT PREJUDICE FOR LACK OF |
| Defendants. | ) | SUBJECT MATTER JURISDICTION |

**BACKGROUND**

On July 23, 2014, Plaintiff paid the filing fee and filed a pro se civil rights complaint pursuant to 42 U.S.C. sections 1983, 1985 and 1986 and Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971). The 83-page Complaint is accompanied by voluminous attachments. Plaintiff purports to sue the President of the United States, the United States Department of Defense, the Central Intelligence Agency, the United States Navy Space and Naval Warfare Systems Command, the United States Army Materiel Command, "Level 3 Communications," a private foundation, private

health care entities, individual health care professionals, "unknown Federal agents" and one hundred fictitious "Doe" Defendants.

Plaintiff alleges that various federal agencies have caused "military grade biomedical devices" to be implanted in the bodies of Plaintiff and his two minor children.  These "radiofrequency devices" allegedly permit Defendants to control and track Plaintiff's movements, control or alter Plaintiff's mind, and cause Plaintiff to suffer physically.  The supposed devices allegedly make Plaintiff appear mentally ill.  The government Defendants also allegedly conducted surveillance on Plaintiff and used military aircraft and police and fire department sirens to attempt to cause Plaintiff to suffer a mental breakdown.  Plaintiff's alleged use of shielding devices assertedly foiled Defendants' alleged plan to cause Plaintiff to suffer a mental breakdown.

The health care Defendants allegedly falsified the results of various medical examinations purportedly conducted on Plaintiff and his children in order to conceal the alleged presence of the implanted devices.  This alleged falsification supposedly was part of an asserted conspiracy to conceal the government Defendants' alleged use of implants to monitor and control Plaintiff and his children and to cause them pain.  Defendants allegedly triggered the devices on days containing a "9" or a "1" and on the days before and after September 11.  Defendants also allegedly triggered the devices during Plaintiff's deposition in connection with a state court case which Plaintiff assertedly brought against some Defendants.  Defendants also allegedly conspired to "frame" Plaintiff for crimes he allegedly did

2

not commit and to label him a "person of interest" supposedly involved in criminality. Plaintiff alleges that removal of the devices will cause his death.

**DISCUSSION**

Typically, claims such as those alleged by Plaintiff have been asserted by indigent plaintiffs, and have suffered swift dismissal as "frivolous" under the federal in forma pauperis statute, 28 U.S.C. section 1915(e)(2)(B)(1) or its predecessor, 28 U.S.C. section 1915(d).[1] See e.g., Banks v. An Unknown Named Number of Federal Judges and U.S. Covert Government Agents, ___ Fed. App'x ___, 2014 WL 1285117, at *1-2 (3d Cir. Apr. 1, 2014) (upholding dismissal of complaint alleging that federal judges and others subjected Plaintiff to a "Voice to Skull" technology); McGinnis v. Freudenthal, 426 Fed. App'x 625, 628-29 (10th Cir. 2011) (upholding dismissal of frivolous complaint alleging plaintiff was subjected to electromagnetic torture); Ezike v. Na. R.R. Passenger Corp., 2009 WL 247838, at *1-3 (7th Cir. Feb. 3, 2009) (remanding for dismissal of complaint alleging that plaintiff was the victim of a conspiracy involving various employers, the teamsters, people of Indian descent, AMTRAK police and armed secret agents); Mendes v. United States, 88 Fed. Cl. 759, 760-62 (Fed. Cl.), appeal dismissed, 375 Fed. App'x 4 (Fed. Cir. 2009) (upholding dismissal of frivolous complaint alleging that "zealot, fanatical women" employed by the FBI and CIA used "laser beam

---

[1] Section 1915(d) was amended and renumbered by the Prison Litigation Reform Act of 1995 (Pub. L. No. 104-134, 110 Stat. 1321, effective April 26, 1996).

3

1  technology" against plaintiff); Ayres v. Obama, 2013 WL 5754953, at *2
2  (D. Hawai'i Oct. 22, 2013) (allegations that FBI implanted biochips in
3  plaintiff and her family to turn them into "a living vegetable or a
4  New World Order slave" were "so 'fantastic' and 'fanciful' as to be
5  clearly baseless"); Athans v. Starbucks Coffee Co., 2007 WL 1673883,
6  at *1-2 (D. Ariz. June 11, 2007) (dismissing as frivolous complaint
7  which alleged, inter alia, that Starbucks joined law enforcement
8  agencies and other commercial establishments to administer a chemical
9  to plaintiff to prevent him from stalking); Foggy v. United States
10 Gov't, 2007 WL 1667394, at *2-3 (D. Idaho June 5, 2007) (plaintiff
11 alleged the government used satellite to put "Hollywood voices" in her
12 head to instruct her to molest and kill her son); Hairston v. Cheney,
13 2004 WL 1368795, at *1 (N.D. Ill. June 16, 2004) (dismissing as
14 frivolous a complaint alleging that defendants inserted a camera into
15 the plaintiff and conducted cosmic and weight gain experiments on
16 her); Jones v. North Atlantic Treaty Org., 1998 WL 136511, at *1-3
17 (E.D. Pa. Mar. 23, 1998) (two NATO member states allegedly "picked"
18 plaintiff's head, publicly aired his thoughts and mumblings, and
19 caused him to be besieged by older women); McCorkle v. Ameritech, 1993
20 WL 524703, at *1-2 (N.D. Ill. Dec. 13, 1993) (United States Navy and
21 plaintiff's employer allegedly harassed plaintiff by means of
22 hypnosis, placement of electronic receivers into plaintiff's sinuses,
23 head, pelvis and rectum, placement of equipment in plaintiff's home to
24 induce sleep deprivation, and use of shock discipline); Carrasco v.
25 U.S. Gov't Justice Dep't Strike Force, 792 F. Supp. 603, 604-05 (N.D.
26 Ill. 1992) (government allegedly surgically placed monitoring device
27 in plaintiff's brain to record his dreams for law enforcement agencies
28 and made him an experiment for sex therapy); Chambers v. Webster, 1990

WL 81339, at *1 (E.D. Pa. June 5, 1990) (officials of CIA, Secret Service, Justice Department, Nuclear Regulatory Commission and state prison system allegedly conspired to harass plaintiff by means of electroshock therapy, telekineses, voice synthesizers, hypnotism, mental telepathy, and cybernetics); Shibuya v. George Washington Univ., 1987 WL 14638, at *1-2 (D.D.C. Aug. 25, 1987) (university employees allegedly monitored plaintiff and exposed her thoughts to the public by use of microwaves and lasers, used drugs, microwaves, lasers or hypnosis to induce artificial noises and smells in plaintiff, and retarded plaintiff's ability to take New York and District of Columbia bar examinations).

Plaintiff presently is not in forma pauperis and apparently is not in custody. Accordingly, Plaintiff is not subject to the restrictions on frivolous complaints contained in 42 U.S.C. section 1915. However, a federal court lacks subject matter jurisdiction to consider claims that are "so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy." Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 89 (1998) (citations and internal quotations omitted); Hagans v. Lavine, 415 U.S. 528, 537 (1974) (court lacks subject matter jurisdiction over claims that are "essentially fictitious," "obviously frivolous" or "obviously without merit"); Franklin v. Murphy, 745 F.2d 1221, 1227 n.6 (9th Cir. 1984) (court may dismiss frivolous paid complaint for lack of subject matter

///
///
///

1 jurisdiction).[2]

3 Plaintiff's frivolous, delusional and fanciful allegations do not confer subject matter jurisdiction on this Court.[3] See <u>Bivolarevic v. U.S. CIA</u>, 2010 WL 890147, at *1-2 (N.D. Cal. Mar. 8, 2010) (court lacked jurisdiction over claims that CIA subjected plaintiff to "voice to skull technology" as a "mind control weapon"); <u>Strode v. Dep't of Defense</u>, 2004 WL 1572655, at *1-2 (W.D.N.Y. June 2, 2004) (dismissing paid complaint which alleged that government agents transmitted from their bodies "electomagnetic extremely low frequency radio energy from master satellites"); <u>O'Brien v. United States Dep't of Justice</u>, 927 F. Supp. 382, 384-85 (D. Ariz. 1995), <u>aff'd</u>, 76 F.3d 387 (9th Cir. 1996) (unpublished disposition) (plaintiff alleged that various defendants including the United States Department of Justice, Ted Kennedy, Andy Williams, Johnny Mathis, Janet Reno, Neil Diamond, Nancy Reagan, the Phoenix Suns, Charles Barkley, the Arizona governor, the Arizona attorney general, and National Basketball Association Commissioner

---

[2] The Court may raise the issue of subject matter jurisdiction <u>sua sponte</u>. <u>See</u> <u>WMX Technologies, Inc. v. Miller</u>, 104 F.3d 1133, 1135 (9th Cir. 1997) (en banc). The Court may dismiss an action <u>sua sponte</u> without notice where, as here, Plaintiff "cannot possibly win relief." <u>See</u> <u>Gambill v. United States</u>, 554 Fed. App'x 558, at *1 (9th Cir. Jan. 28, 2014) (quoting <u>Sparling v. Hoffman Const. Co.</u>, 864 F.2d 635, 638 (9th Cir. 1998)) (failure to state a claim); <u>Simmons v. Schwartz</u>, 2014 WL 1370384, at *1 (C.D. Cal. Feb. 28, 2014), <u>adopted</u>, 2014 WL 1370760 (C.D. Cal. Apr. 8, 2014) (lack of subject matter jurisdiction).

[3] Plaintiff previously purported to sue the City of Ventura and others for supposedly torturing Plaintiff by means of bioelectromagnetic devices and microwaves emitted from satellites. <u>See</u> <u>Cain v. City of Ventura</u>, CV 11-5390-DMG(E). This Court summarily dismissed action CV 11-5390-DMG(E) as "frivolous and fanciful" and therefore lacking in subject matter jurisdiction.

David Stern had assaulted the plaintiff using electronic and satellite equipment, contaminated the plaintiff with germs, and conspired to dictate whom she should marry; court dismissed the action for lack of subject matter jurisdiction because the allegations were "so bizarre and delusional that they [were] wholly insubstantial"); Doran v. McGinnis, 158 F.R.D. 383, 387-89 (E.D. Mich. 1994) (dismissing paid complaint as frivolous, where plaintiff alleged prison officials implanted "telepathic mind control device" in his brain to control his mind and bodily functions).

**ORDER**

For the foregoing reasons, the action is dismissed without prejudice for lack of subject matter jurisdiction.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: August 6, 2014

_____
             DOLLY M. GEE
     UNITED STATES DISTRICT JUDGE

Presented this 29th day of July, 2014, by:


_____/S/_____
        CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE